# JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ANDREW CASPI,

                                 Plaintiff,

07 CIV 9355

                  -against-

CITY OF RYE; CITY OF RYE POLICE
DEPARTMENT; CITY OF RYE POLICE OFFICER
ANTHONY P. ROSACE, Individually and in His Official
Capacity; CITY OF RYE POLICE OFFICER FRANCO
CAMPAGNONE, Individually and in His Official
Capacity; CITY OF RYE POLICE OFFICER MICHAEL
ANFUSO, Individually and in His Official Capacity;
CITY OF RYE POLICE LIEUTENANT JOSEPH A.
VERILLE, III, Individually and in His Official Capacity;
CITY OF RYE POLICE COMMISSIONER WILLIAM R.
CONNORS, Individually and in His Official Capacity;
and CITY OF RYE POLICE OFFICERS "JOHN DOE"
1-10, whose true names and identities are presently
unknown,

                                 Defendants.

------------------------------------------------------------x

**COMPLAINT**

**ECF CASE**



**JURY TRIAL
DEMANDED**

Plaintiff, ANDREW CASPI, by his attorneys, Keogh Timko & Moses, LLP, brings this

action to redress violations of his civil, constitutional and legal rights under the federal law, and

alleges, as follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff seeks relief for the violation of his civil

rights secured by 42 U.S.C. § 1983 and the United States Constitution including, without limitation,

the First, Fourth, Eighth and Fourteenth Amendments thereto. This case arises from a December 12,

2004 incident in which members of the City of Rye Police Department subjected Plaintiff to

excessive force, false arrest, false imprisonment and unlawful retaliation. Plaintiff seeks compensatory and punitive damages, an award of costs and attorneys' fees and such other and further relief as the Court deems just and proper.

## II. JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §1983 and §1988, and the First, Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343, and the aforementioned statutory and constitutional provisions.

3.      Venue resides in the Southern District of New York under 28 U.S.C. §1391 because Defendants' offices are located in City of Rye, County of Westchester and State of New York and the events took place in the City of Rye, County of Westchester and State of New York.

## III. JURY DEMAND

4.      Plaintiff demands that this case be tried by a jury.

## IV. THE PARTIES

5.      Plaintiff is a citizen of the United States residing in the City of New York, County of New York and State of New York.

6.      Plaintiff was a minor, seventeen years of age, at the time of the incident alleged herein. Plaintiff is not an infant or minor at the time of the commencement of this action.

7.      Defendant CITY OF RYE is, and at all times herein relevant was, a municipal corporation organized under the laws of the State of New York.

8.      Defendant CITY OF RYE POLICE DEPARTMENT is, and at all times relevant herein was, a duly constituted department or agency of the Defendant CITY OF RYE charged with the responsibilities of law enforcement and maintaining public order and security and was and is the

2

department or agency of the Defendant CITY OF RYE at which the police officers named as Defendants herein were and still are employed.

9.      Defendant POLICE OFFICER ANTHONY P. ROSACE (Defendant "ROSACE") is, and at all times relevant herein was, a police officer in the Defendant CITY OF RYE POLICE DEPARTMENT employed by the Defendant CITY OF RYE to perform police duties within the City of Rye. At all relevant times, Defendant ROSACE was acting in such capacity as an agent, servant and employee of the Defendant CITY OF RYE POLICE DEPARTMENT and Defendant CITY OF RYE and within the scope of his employment. Defendant ROSACE is named herein individually and in his official capacity.

10.     Defendant    POLICE    OFFICER    FRANCO    CAMPAGNONE    (Defendant "CAMPAGNONE") is, and at all times relevant herein was, a police officer in the Defendant CITY OF RYE POLICE DEPARTMENT employed by the Defendant CITY OF RYE to perform police duties within the City of Rye. At all relevant times, Defendant CAMPAGNONE was acting in such capacity as an agent, servant and employee of the Defendant CITY OF RYE POLICE DEPARTMENT and Defendant CITY OF RYE and within the scope of his employment. Defendant CAMPAGNONE is named herein individually and in his official capacity.

11.     Defendant POLICE OFFICER MICHAEL ANFUSO (Defendant "ANFUSO") is, and at all times relevant herein was, a police officer in the Defendant CITY OF RYE POLICE DEPARTMENT employed by the Defendant CITY OF RYE to perform police duties within the City of Rye. At all relevant times, Defendant ANFUSO was acting in such capacity as an agent, servant and employee of the Defendant CITY OF RYE POLICE DEPARTMENT and Defendant CITY OF RYE and within the scope of his employment. Defendant ANFUSO is named herein individually and

3

in his official capacity.

12. Defendant CITY OF RYE POLICE LIEUTENANT JOSEPH A. VERILLE, III (Defendant "VERILLE") is, and at all times herein relevant was, a police Lieutenant and Acting Commissioner in the Defendant CITY OF RYE POLICE DEPARTMENT employed by the Defendant CITY OF RYE to perform police duties within the City of Rye. At all relevant times, Defendant VERILLE was acting in such capacity as an agent, servant and employee of the Defendant CITY OF RYE POLICE DEPARTMENT and Defendant CITY OF RYE and within the scope of his employment. Defendant VERILLE is named herein individually and in his official capacity.

13. Defendant VERILLE is, and at all relevant times was, charged by the Defendant CITY OF RYE and the Defendant CITY OF RYE POLICE DEPARTMENT with, inter alia, the duties and responsibilities of implementing policies and overseeing of activities of the Defendant CITY OF RYE POLICE DEPARTMENT, managing, training, supervising, hiring and disciplining members of the Defendant CITY OF RYE POLICE DEPARTMENT and for receiving and investigating civilian complaints regarding City of Rye police officers.

14. Defendant CITY OF RYE POLICE COMMISSIONER WILLIAM R. CONNORS (Defendant "CONNORS") is, and at all times herein relevant was, the Commissioner of and member of the Defendant CITY OF RYE POLICE DEPARTMENT employed by the Defendant CITY OF RYE to perform police duties within the City of Rye. At all relevant times, Defendant CONNORS was acting in such capacity as an agent, servant and employee of the Defendant CITY OF RYE POLICE DEPARTMENT and Defendant CITY OF RYE and within the scope of his employment. Defendant CONNORS is named herein individually and in his official capacity.

15. Defendant CONNORS is and all times relevant herein was the highest ranking

4

member of the Defendant CITY OF RYE POLICE DEPARTMENT and was charged by the Defendant CITY OF RYE and the Defendant CITY OF RYE POLICE DEPARTMENT with, inter alia, the duties and responsibilities of implementing policies and overseeing of all activities of the Defendant CITY OF RYE POLICE DEPARTMENT, managing, training, supervising, hiring and disciplining members of the Defendant CITY OF RYE POLICE DEPARTMENT.

16.    Defendants POLICE OFFICERS "JOHN DOES" 1-10 are members of the Defendant CITY IF RYE POLICE DEPARTMENT whose full names are presently unknown. They are responsible for the fair and impartial enforcement of the local laws of and in the Defendant CITY OF RYE.

## V.  STATEMENT OF FACTS

17.    On December 12, 2004, at approximately 1:15 a.m., Plaintiff was lawfully walking in the vicinity of the Boston Post Road in the City of Rye, County of Westchester and State of New York, at or near the intersection of Parson Street.

18.    At such time and place, Plaintiff was walking to the Rye Middle School parking lot off the Boston Post Road to meet his father who was waiting in his vehicle at the Rye Middle School parking lot to pick up Plaintiff.

19.    While walking north on Boston Post Road, Plaintiff was approached by Defendant ROSACE, a uniformed police officer. Defendant ROSACE asked various questions of Plaintiff unrelated to Plaintiff or to his conduct, including but not limited to demanding the Plaintiff provide him with the location of a party.

20.    Plaintiff informed Defendant ROSACE that unless he was under arrest, it was his intention to continue on his way.

5

21.     Defendant ROSACE refused to permit Plaintiff to leave and forcibly sat Plaintiff on the ground.

22.     Defendant CAMPAGNONE stood over Plaintiff so as to compel Plaintiff to remain at the location in the seated position.

23.     Defendant CAMPAGNONE stated to Plaintiff, in substance, "Do you think I have nothing better to do tonight?"

24.     Plaintiff replied, in substance, " I know you have nothing better to do tonight. You're a Rye City Cop."

25.     At this point Defendant CAMPAGNONE stated, in substance, "I can kick your ass tonight."

26.     Plaintiff asserted his rights under the United States Constitution by stating that such conduct would constitute police brutality and was unlawful and Plaintiff again asked if he was under arrest.

27.     Plaintiff got up from his seated position and exercised his right to proceed on his way.

28.     At such time and place, Plaintiff was ordered to freeze by one of the Defendant officers present, whereupon Plaintiff stopped and raised his hands over his head.

29.     One or more of the Defendants ROSACE, CAMPAGNONE and ANFUSO, and in the presence of one another, unnecessarily, maliciously, unreasonably, excessively, intentionally and in retaliation to Plaintiff's statements, struck Plaintiff, drove him to the ground and thereafter unnecessarily, maliciously, unreasonably, excessively and intentionally set upon, beat, struck, assaulted, punched and/or kicked Plaintiff repeatedly.

30.     During the aforesaid beating, Plaintiff was rendered unconscious.

6

31.    During the aforesaid beating none of the Defendant Police Officers present interceded or intervened to stop, prevent or minimize the beating, injury and harm to Plaintiff despite having the reasonable opportunity to do so.

32.    As a result of the beating, Plaintiff sustained serious physical injuries including without limitation, a fracture of the left anterior wall of the maxillary sinus, numerous bruises, contusions and lacerations, loosened and mal-positioned teeth, double vision and his eye was swollen shut.

33.    Plaintiff was arrested and taken to the City of Rye police station and placed in a jail cell.

34.    Defendant ROSACE prepared charges against Plaintiff charging the following:

(A)    Disorderly Conduct in violation of § 240.20(1) of the New York State Penal Law for the following alleged conduct "In the course of attempting to place the above offender in custody, the defendant was violently swinging his fists, arms, and kicking at arresting officers."

(B)    Resisting Arrest in violation of § 205.30 of the New York State Penal Law for the following alleged conduct "In the course of attempting to place the above offender in custody, the defendant was violently swinging his fists, arms, and kicking at arresting officers."

(C)    Assault in the Third Degree in violation of Section 120.00 of the New York State Penal Law for the following alleged conduct "In the course of attempting to place the above offender in custody, the defendant was violently swinging his fists, arms, and kicking at arresting officers. The undersigned officer [Defendant ROSACE] sustained a [sic] injury to his lower back." Annexed hereto collectively as Exhibit "1" and incorporated herein are copies of the three (3) charges initially filed against Plaintiff.

7

35.     The only three charges initially filed against Plaintiff alleged that the activity for which Plaintiff was being arrested and charged were committed in the course of placing Plaintiff in custody.  None of the charges alleged any basis for placing Plaintiff in custody.

36.     On or about January 18, 2005, Defendant ROSACE filed a new and superseding felony complaint, upgrading the misdemeanor Assault in the Third Degree charge to the felony of Assault in the Second Degree and adding a charge of Obstructing Governmental Administration in the Second Degree and alleging different facts from those set forth for the original Resisting Arrest charge and original Disorderly Conduct charge.  Annexed hereto as Exhibit "2" and incorporated herein is a copy of the Felony Complaint dated January 18, 2005.

37.     On or about March 10, 2005, Plaintiff, an infant at the time, and his parents filed a Notice of Claim against Defendants ROSACE, CAMPAGNONE, THE CITY OF RYE and THE CITY OF RYE POLICE DEPARTMENT herein.  Such Notice of Claim stating, inter alia, that Plaintiff was beaten and assaulted by Defendants ROSACE and CAMPAGNONE, was served upon the Rye City Manager, Rye City Clerk, City of Rye Police Commissioner, City of Rye Comptroller, Defendant ROSACE and Defendant CAMPAGNONE.

38.     On March 15, 2005, Defendant requested a felony hearing in the criminal proceeding. A Felony Hearing was conducted on April 12, 2005, wherein the criminal matter was held for the action of the Westchester Grand Jury.

39.     On April 13, 2005, Plaintiff demanded, in writing, to be heard by the Grand Jury of Westchester County as was his right under New York Criminal Procedure Law § 190.50.

40.     For reasons unknown to Plaintiff, the criminal case was returned to local court at the prosecution's request.

8

41.     On or about July 11, 2005, Defendant ROSACE filed a superseding misdemeanor complaint reducing the Assault in the Second Degree charge to Assault in the Third Degree and alleging yet a third different set of facts. Annexed hereto as Exhibit "3" and incorporated herein is a copy of the Superseding Misdemeanor Complaint dated July 11, 2005.

42.     In the superseding misdemeanor complaint, Defendant ROSACE alleged that he, a uniformed police officer, was the victim of the alleged assault.

43.     As a result of the reduction of the Assault charge from a felony to a misdemeanor, this matter was returned to local court in the City of Rye for prosecution.

44.     On or about October 26, 2005, Plaintiff made a motion requesting to be prosecuted by indictment in the Westchester County Court pursuant to New York Criminal Procedure Law § 170.25 based on the grounds that Plaintiff would not receive a fair trial in the Rye City Court. That motion was denied.

45.     Due to his youthful offender status, Plaintiff is not permitted a jury trial. Instead Plaintiff's criminal trial would be presided over by the City of Rye Justice, an appointed employee of the Defendant CITY OF RYE.

46.     Plaintiff through counsel filed a motion to have the case transferred to another judge and/or jurisdiction. That motion was also denied.

47.     The Defendant CITY OF RYE and Defendant CITY OF RYE POLICE DEPARTMENT do not have a civilian body, staff or personnel to receive, review, investigate and discipline with respect to claims and complaints against and about CITY OF RYE Police Officers.

48.     The policy, custom, usage and practice for receiving, reviewing, investigating and disciplining CITY OF RYE police officers was formulated, condoned, permitted, accepted and

9

ratified by Defendants CITY OF RYE, CITY OF RYE POLICE DEPARTMENT, Defendant CONNORS, Defendant VERILLE and Defendants CITY OF RYE POLICE OFFICERS "JOHN DOE" 1 - 10.

49.    Pursuant to the policy, custom, usage and practice of the Defendant CITY OF RYE and Defendant CITY OF RYE POLICE DEPARTMENT, an individual claiming that their civil rights were violated by a member or members of the Defendant CITY OF RYE POLICE DEPARTMENT is compelled to present himself before the Defendant CITY OF RYE POLICE DEPARTMENT, sign and file a supporting deposition and be debriefed by a member of the Defendant CITY OF RYE POLICE DEPARTMENT.

50.    Pursuant to the local laws of the Defendant CITY OF RYE, members of the Defendant CITY OF RYE POLICE DEPARTMENT are indemnified and held harmless by the Defendant CITY OF RYE from and against any claims, judgment or settlements, including punitive damages and exemplary damages arising out of violations of civil rights under §§ 1981 and 1983 of the United States Civil Rights Act.

51.    As a result of such practice, usage, customs and policies, civilians are intimidated, deterred, prevented, prejudiced and precluded from making claims and filing complaints against CITY OF RYE police officers, the Defendant CITY OF RYE and the Defendant CITY OF RYE POLICE DEPARTMENT.

## AS AND FOR A
## FIRST CAUSE OF ACTION

### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT
### TO 42 U.S.C. § 1983 AND THE FIRST, FOURTH, EIGHTH & FOURTEENTH
### AMENDMENTS
### TO THE UNITED STATES CONSTITUTION
### BY DEFENDANT POLICE OFFICERS
### ROSACE, CAMPAGNONE AND ANFUSO

52.     Plaintiff repeats, reiterates and realleges paragraphs "1"through "51" with the same force and effect as if fully set forth at length herein.

53.     At all times relevant herein, Defendants ROSACE, CAMPAGNONE and ANFUSO were acting under color of state law, which is under the color of the constitution, the statutes, ordinances, regulations, customs, usages, laws and rules of the State of New York, the City of Rye, the City of Rye Police Department and/or the United States of America.

54.     Defendants ROSACE, CAMPAGNONE and ANFUSO, separately and in concert with each other, engaged in acts and omissions which constituted and resulted in the deprivation of the rights, privileges and immunities of Plaintiff.

55.     Defendants ROSACE, CAMPAGNONE and ANFUSO had the power and duty to protect Plaintiff's rights and to take reasonable steps to intervene, restrain and prevent other Defendant Police Officers from violating Plaintiff's rights. Defendants ROSACE, CAMPAGNONE and ANFUSO failed and refused to perform that duty.

56.     Defendants ROSACE, CAMPAGNONE and ANFUSO subjected Plaintiff to excessive force, false arrest, false imprisonment and unlawful retaliation.

57.     The aforesaid conduct, to which the Defendants ROSACE, CAMPAGNONE and ANFUSO subjected Plaintiff, violated and deprived Plaintiff of his rights, privileges and immunities

under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

58.    As a result of this deprivation of Plaintiff's rights, privileges and immunities, Plaintiff

suffered serious physical harm and injuries, pain and suffering, emotional distress, psychological

injury, humiliation, embarrassment, anxiety, was required to receive medical and psychological

treatment, loss of time from school and was unable to graduate high school with his class.

59.    By reason of the aforesaid, Plaintiff has been damaged in a sum of FIVE MILLION

($5,000,000.00) DOLLARS and Plaintiff is entitled to an award of punitive damages and attorneys

fees pursuant to 42 U.S.C.§ 1988.

## AS AND FOR A
## SECOND CAUSE OF ACTION

**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT
TO 42 U.S.C. § 1983 AND THE FIRST, FOURTH, EIGHTH & FOURTEENTH
AMENDMENTS
TO THE UNITED STATES CONSTITUTION
BY DEFENDANT CITY OF RYE, CITY OF RYE POLICE DEPARTMENT,
CITY OF RYE POLICE LIEUTENANT JOSEPH A. VERILLE, III,
CITY OF RYE POLICE COMMISSIONER WILLIAM R. CONNORS and
CITY OF RYE POLICE OFFICERS "JOHN DOE" 1 - 10
(MUNICIPAL AND SUPERVISORY LIABILITY)**

60.    Plaintiff repeats, reiterates and realleges paragraphs "1" through "51" and "53"

through "59" with the same force and effect as if fully set forth at length herein.

61.    At all times relevant herein, the Defendant CONNORS, Defendant VERILLE and

Defendants CITY OF RYE POLICE OFFICERS "JOHN DOE" 1 - 10, as supervisors of the CITY

OF RYE POLICE DEPARTMENT were acting under color of state law, which is under the color of

the constitution, the statutes, ordinances, regulations, customs, usages, laws and rules of the State of

New York, the City of Rye, the City of Rye Police Department and/or the United States of America.

62.     The Defendant Police Officers named herein, separately and in concert with each other, engaged in acts and omissions which constituted and resulted in the deprivation of the rights, privileges and immunities of Plaintiff.

63.     Defendants CITY OF RYE, CITY OF RYE POLICE DEPARTMENT, CONNORS, VERILLE and CITY OF RYE POLICE OFFICERS "JOHN DOE" 1 - 10 were aware that false, fraudulent and fictitious charges were filed against Plaintiff to conceal, cover up and justify the excessive force, false arrest, false imprisonment and unlawful retaliation used on Plaintiff and to ensure that Plaintiff would be deprived a jury trial and have his criminal case heard by the City of Rye Judge, an appointed employee of the Defendant CITY OF RYE and condoned and permitted such misconduct.

64.     Upon information and belief, Defendants CITY OF RYE, CITY OF RYE POLICE DEPARTMENT, CONNORS, VERILLE and CITY OF RYE POLICE OFFICERS "JOHN DOE" 1 - 10 were aware that one or more members of the Defendant CITY OF RYE POLICE DEPARTMENT including one or more of the Defendant officers named herein have been the subject of excessive force claims and exercised deliberate indifference by failing to take remedial actions, investigate, train, retrain, supervise, discipline or monitor the officers.

65.     Upon information and belief, Defendants the CITY OF RYE, CITY OF RYE POLICE DEPARTMENT, CONNORS, VERILLE and CITY OF RYE POLICE OFFICERS "JOHN DOE" 1 – 10 at all relevant times herein, have acted with a callous and deliberate indifference to Plaintiff's rights under the Constitution and laws of the United States, in that they failed to adequately investigate, discipline, manage, oversee, sanction, train, supervise or otherwise direct police officers concerning the rights of citizens thereby causing and enabling the Defendant Police

13

Officers to engage in the aforementioned conduct.

66.    By adopting, implementing and operating under and with indemnification and hold harmless agreement for employees and members of the Defendant CITY OF RYE POLICE DEPARTMENT, the Defendants have created a climate, custom, usage and policy that acquiesces to, enables, condones, permits, and covers up civil rights violations by employees and members of the Defendant CITY OF RYE POLICE DEPARTMENT.

67.    Upon information and belief, Defendants CITY OF RYE, CITY OF RYE POLICE DEPARTMENT, CONNORS, VERILLE and CITY OF RYE POLICE OFFICERS "JOHN DOE" 1 – 10, at all relevant times herein, have acted with a callous and deliberate indifference to the rights of Plaintiff, and others similarly situated, under the Constitution and laws of the United States, in that they failed to establish a fair and impartial civilian complaint procedure and body to hear, investigate and discipline claims of misconduct by CITY OF RYE police officers.

68.    Defendants CITY OF RYE and CITY OF RYE POLICE DEPARTMENT and Defendants CONNORS, VERILLE and CITY OF RYE POLICE OFFICERS "JOHN DOE" 1 – 10, as supervisors, on the Defendant CITY OF RYE POLICE DEPARTMENT, created and implemented a policy and custom that intimidated, deterred, prevented and precluded civilians from making claims and filing complaints against CITY OF RYE police officers thus creating a policy and climate where police officers activities went unsupervised.

69.    Defendants subjected Plaintiff to excessive force, false arrest, false imprisonment and unlawful retaliation.

70.    Defendants violated and deprived Plaintiff of his rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

14

71.    The violations of Plaintiff's civil and constitutional rights resulted directly from the policies, practices, customs, usages and climate created and promulgated by Defendants CITY OF RYE, CITY OF RYE POLICE DEPARTMENT, CONNOR, VERILLE and CITY OF RYE POLICE OFFICERS "JOHN DOE" 1 – 10.

72.    As a result of this deprivation of Plaintiff's rights, privileges and immunities, Plaintiff suffered serious physical harm and injuries, pain and suffering, emotional distress, psychological injury, humiliation, embarrassment, anxiety, was required to received medical and psychological treatment loss of time from school and was unable to graduate high school with his class.

73.    By reason of the aforesaid, Plaintiff has been damaged in a sum of FIVE MILLION ($5,000,000.00) DOLLARS and Plaintiff is entitled to an award of punitive damages and attorneys fees pursuant to 42 U.S.C.§ 1988.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A.    Five Million Dollars as and for compensatory damages for violations of his civil and constitutional rights under Plaintiff's First Cause of Action;

B.    Five Million Dollars as and for compensatory damages for violations of his civil and constitutional rights under Plaintiff's Second Cause of Action;

C.    punitive damages;

D.    attorneys fees, costs and disbursements pursuant to 42 U.S.C. §1988; and

E.    such other and further relief as this Court deems just and equitable.

15

Dated: White Plains, New York
   October 18, 2007

          KEOGH TIMKO & MOSES, LLP
          Attorneys for Plaintiff

By:    _____
          James M. Timko (JT4274)

          1 North Broadway, Suite 412
          White Plains, New York  10601
          Telephone  (914) 993 - 0600

Exhibit 1

RYE CITY COURT        : CITY OF RYE, N.Y.
COUNTY OF WESTCHESTER  : STATE OF NEW YORK

\----------------------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK
            - against -

Check One:

Caspi,Andrew                        D.O.B.   6/25/87            ☐    Information
140 Kirby Lane                                          ☒    Misdemeanor
Rye,NY 10580                                          ☐    Felony
            Defendant(s)

\----------------------------------------------------------------------------------x

Be it known that the complainant herein    PO Rosace                Of the City of Rye Police
Department (or of    XXXXX                       ) accuses the defendant(s)
named above of the following offenses committed at    Boston Post Rd and Parson St       in the
City of Rye, New York on the  12   day of  December    2004    at about   0117    o'clock A.M.
COUNT ONE: The offense of    Assault in the third degree.            in violation of
section   120          subd.        of the   Penal Law   which is a   Misdemeanor.
COUNT TWO: The offense of                            in violation of
section           subd.        of the        which is a
COUNT THREE: The offense of                        in violation of
section           subd.        of the        which is a
And, in support of the foregoing, your complainant under penalty of section 210.45 of the penal law states as follows:
SEC. 120.00
Assault in the third degree.

A person is guilty of assault in the third degree when:

1. With intent to cause physical injury to another person, he causes such
injury to such person or a third person; or;
COUNT(S): 1

TO WIT:

In the course of attempting to place the above offender in custody, the defendant was violently swinging his
fists, arms, and kicking at arresting officers. The undersigned officer sustained a injury to his lower back.

The above allegations of fact are made by the complainant herein on direct knowledge (and upon information and belief),
with the sources of complainant's information and the grounds for his belief being

**Police Department Investigation**

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A
MISDEMEANOR TO KNOWINGLY MAKE A FALSE STAEMENT HEREIN.

Signed    _P.O. Quitley_

RYE CITY COURT          :  CITY OF RYE, N.Y.
COUNTY OF WESTCHESTER  :  STATE OF NEW YORK

-----------------------------------------------------------------------x

**THE PEOPLE OF THE STATE OF NEW YORK**
            - against -

Check One:

Caspi,Andrew                D.O.B.  6/25/87

140 Kirby Lane                      ☐   Information

Rye,NY 10580                      ☒   Misdemeanor

        Defendant(s)                 ☐   Felony

-----------------------------------------------------------------------x

Be it known that the complainant herein   PO Rosace        Of the City of Rye Police Department (or of   XXXXX           ) accuses the defendant(s) named above of the following offenses committed at   Boston Post Rd and Parson St   in the **City of Rye, New York** on the  12  day of  December   2004   at about  0117   o'clock A.M. **COUNT ONE:** The offense of  Resisting arrest.           in violation of section  205    subd.  30  of the  Penal Law  which is a  Misdemeanor. **COUNT TWO:** The offense of section      subd.     of the      which is a     in violation of **COUNT THREE:** The offense of section      subd.     of the      which is a     in violation of And, in support of the foregoing, your complainant under penalty of section 210.45 of the penal law states as follows:

COUNT(S): 1
SEC. 205.30
Resisting arrest.

A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.

Resisting arrest is a class A misdemeanor.
TO WIT:

| In the course of attempting to place the above offender in custody, the defendant was violently swinging his fists, arms, and kicking at arresting officers. |
|---|

The above allegations of fact are made by the complainant herein on direct knowledge (and upon information and belief), with the sources of complainant's information and the grounds for his belief being

**Police Department Investigation**

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STAEMENT HEREIN.

                Signed    _P.O. Autty Pro_

RYE CITY COURT          :  CITY OF RYE, N.Y.
COUNTY OF WESTCHESTER :  STATE OF NEW YORK

----------------------------------------------------------------x

**THE PEOPLE OF THE STATE OF NEW YORK**
                    - against -

Check One:

Caspi,Andrew                          D.O.B.   6/25/87                    ☐  Information
140 Kirby Lane                                                            ☒  Misdemeanor
Rye,NY 10580                                                             ☐  Felony

            Defendant(s)

----------------------------------------------------------------x

    Be it known that the complainant herein      PO Rosace              Of the City of Rye Police
Department (or of      XXXXX                                         ) accuses the defendant(s)
named above of the following offenses committed at    Boston Post Rd and Parson St          in the
**City of Rye, New York** on the   12   day of   December      2004     at about   0117         o'clock A.M.
COUNT ONE: The offense of                                                             in violation of
section    240         subd.    20    of the    Penal Law    which is a    Violation.
COUNT TWO: The offense of                                                             in violation of
section            subd. _____ of the _____  which is a  _____
COUNT THREE: The offense of                                                           in violation of
section            subd. _____ of the _____  which is a  _____
And, in support of the foregoing, your complainant under penalty of section 210.45 of the penal law states as follows:
SEC. 240.20
Disorderly conduct.

A person is guilty of disorderly conduct when, with intent to cause
public inconvenience, annoyance or alarm, or recklessly creating a risk
thereof:
1. He engages in fighting or in violent, tumultuous or threatening
behavior;
COUNT(S): 1

TO WIT:

In the course of attempting to place the above  offender in custody, the defendant was violently swinging his
fists, arms, and kicking at arresting officers.

The above allegations of fact are made by the complainant herein on direct knowledge (and upon information and belief),
with the sources of complainant's information and the grounds for his belief being

**Police Department Investigation**

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A
MISDEMEANOR TO KNOWINGLY MAKE A FALSE STAEMENT HEREIN.

                          Signed

Exhibit 2

# CITY COURT
## CITY OF RYE
### COUNTY OF WESTCHESTER

**FELONY COMPLAINT**

THE PEOPLE OF THE STATE OF NEW YORK
-against-

**ANDREW CASPI**  140 Kirby Lane  Rye  New York  10580                    6/25/87

Defendant(s)

Be it known that the complainant herein Anthony P. Rosace , of the City of Rye Police Department , Westchester County, New York, accuses the defendant(s) named above of the following offense(s) committed at Boston Post Road at Parson Street, City of Rye, New York at about December 12 2004    1:15 a.m - 1:18a.m.

**COUNT ONE** : The Offense of DISORDERLY CONDUCT, a violation of Penal Law PL 240.20   01   0V0
**COUNT TWO** : The Offense of OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND DEGREE, a violation of Penal Law PL 195.05      AM0
**COUNT THREE** : The Offense of RESISTING ARREST, a violation of Penal Law PL 205.30      AM0
**COUNT FOUR** : The Offense of ASSAULT IN THE SECOND DEGREE, a violation of Penal Law PL 120.05   03   DF2

The Defendant(s) with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof did engage in fighting or tumultuous or threatening behavior. The Defendant(s) he/she intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration. The Defendant(s) did intentionally prevent and attempt to prevent a (PEACE OR POLICE) officer from effecting an authorized arrest of himself or another person. The Defendant(s) with intent to prevent a peace officer, police officer, a fireman, emergency medical service paramedic or technician, from performing a lawful duty, caused physical injury to such peace officer, police officer, fireman, paramedic or technician.

To wit: The defendant(s) at the above date, time and place, did intentionally attempt to prevent a public servant from performing an official function by means of physical force or interference. Defendant did with intent to cause public inconvenience annoyance and alarm and recklessly creating a risk thereof did engage in fighting and violent and tumultuous behavior. Your deponent was investigating a report of a disorderly person blocking vehicular traffic. Defendant,who was alone at the location and appeared to be intoxicated was being detained pending further investigation and notification of his parents. Defendant was ordered to remain seated on the curb. Despite said order defendant stood up and shoved P.O. Franco Compagnone ,striking him with both hands and defendant then fled from the officer running across the roadway. In detaining defendant at that location P.O. Compagnone was performing a lawful duty and official function. Defendant then flailed his arms and kicked at

.efendant shoved PO Campagnone, striking him with both hands thereby attempting to obstruct, impair or prevent a public servant from performing a physical function by means of physical force. Officer Campagnone was able to grab the defendant who was at this time swinging both fists violently at Officer Campagnone. The defendant then fled across Boston Post Road. After both PO Campagnone and PO Rosace pursued defendant and attempted to place him under arrest for the above offenses, defendant struggled violently by swinging and kicking at your deponent and Officer Campagnone in an attempt to prevent his own authorized arrest. In an attempt to place the defendant under arrest for disorderly conduct, obstructing governmental administration and resisting arrest your deponent suffered physical injury in the form of substantial pain to his back and as a result was unable to continue working as a member of the Rye City Police Department for several weeks.

The above allegation(s) of fact are made by the complainant herein on direct knowledge. ·

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN.

July 11, 2005

_Anthony Rosace_

Signed

Exhibit 3

## CITY COURT
## CITY OF RYE
## COUNTY OF WESTCHESTER

Superseding

**MISDEMEANOR COMPLAINT**

### THE PEOPLE OF THE STATE OF NEW YORK
-against-

**ANDREW CASPI**  140 Kirby Lane Rye, NY 10580                          · 06/25/1987

Defendant(s)

Be it known that the complainant herein PO Rosace, of the City of Rye Police Department, Westchester County, New York, accuses the defendant(s) named above of the following offense(s) committed at Boston Post Road and Parson Street, City of Rye, New York on the 12th Day of December, 2004 at about 0117 hours

**COUNT ONE** : The Offense of DISORDERLY CONDUCT, a violation of Penal Law PL 240.20  01    0V0
**COUNT TWO** : The Offense of OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND DEGREE, a violation of Penal Law PL 195.05      AM0
**COUNT THREE** : The Offense of ASSAULT IN THE THIRD DEGREE, a violation of Penal Law PL 120.00  01   AM3
**COUNT FOUR** : The Offense of RESISTING ARREST, a violation of Penal Law PL 205.30      AM0

The Defendant(s) with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof did engage in fighting or tumultuous or threatening behavior. The Defendant(s) he/she intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration. The Defendant(s) with intent to cause physical injury to another person, he/she causes such injury to such person or to a third person. Assault in the third degree is a class A misdemeanor. The Defendant(s) did intentionally prevent and attempt to prevent a (PEACE OR POLICE) officer from effecting an authorized arrest of himself or another person.

To wit: Defendant did with the intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof did engage in fighting or tumultuous or threatening behavior. Defendant did prevent or attempt to prevent a uniformed City of Rye Police Officer from performing an official function by means of physical force and interference. Defendant was being lawfully detained at the above location pursuant to an investigation of a person swinging a large tree branch at a passing motor vehicle. Defendant appeared to be intoxicated in that there was a strong odor of an alcoholic beverage emanating from his breath, his motor coordination appeared to be impaired in that he was swaying from side to side and back and forth as he stood and his eyes appeared to be watery and bloodshot. Additionally, the defendant stated that he was "smoking Marihuana and using Ecstasy." After having been ordered to remain at the scene while the Rye Police Department contacted his parent's

defendant shoved PO Campagnone, striking him with both hands thereby attempting to obstruct, impair or prevent a public servant from performing a physical function by means of physical force. Officer Campagnone was able to grab the defendant who was at this time swinging both fists violently at Officer Campagnone. The defendant then fled across Boston Post Road. After both PO Campagnone and PO Rosace pursued defendant and attempted to place him under arrest for the above offenses, defendant struggled violently by swinging and kicking at your deponent and Officer Campagnone in an attempt to prevent his own authorized arrest.    In an attempt to place the defendant under arrest for disorderly conduct, obstructing governmental administration and resisting arrest your deponent suffered physical injury in the form of substantial pain to his back and as a result was unable to continue working as a member of the Rye City Police Department for several weeks.

The above allegation(s) of fact are made by the complainant herein on direct knowledge.

**NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN.**

July 11, 2005

Signed

THE PEOPLE OF THE STATE OF NEW YORK

- against -                              | SUPPORTING DEPOSITION

... Andrew Caspi _____   Defendant(s)
-----------------------------------X

            P.O. Anthony Rosabe _____ , as

and for a Supporting Deposition is connection with an
(Information/Misdemeanor Complaint/Felony Complaint) filed or to
be filed with Court against the above named defendant(s), does
hereby make the following allegations of fact:

On 12,12,04 at Approx 0115 hrs, I responded to the vicinity of the Boston Post Rd and Rye High School, on a report of a person swing a large Tree branch at Traffic. Upon arrival I observed a Teenager walking northbound down the middle of the Boston Post rd. I asked the individual who he was and where he was coming from. He stated he was coming from Rye H.S. where he had been using marihuana and ecstacy. In addition he had an odor of an alcoholic beverage on his breath, and was swaying from side to side and back and forth while he was talking to us. Based upon Andrews' condition and his reported interference with Traffic, he was being detained in an effort to contact his parents for Transportation home. While I was on my cellphone with headquarters, I observed Andrew jump up from where he was seated and grapple with officer Compagnone. Officer Compagnone had Andrew by the Shoulders with both hands and Andrew had officer Compagnone by the shoulders with both hands. Andrew Caspi and officer Compagnone, then ran across the Boston Post Rd, where Andrew was brought to the ground in order to be handcuffed. It was during this struggle with Andrew that I injured my back. I suffered immediate back pain (severe at times) lower back pain + spasms radiating into my legs. I lost six months of work, attended physical Therapy 3x a week, required perscription medications for pain & spasms. I am still under physicians care for my back injury and may require further treatments.

            The above allegations of facts made upon direct
knowledge.

NOTICE:  PURSUANT TO PENAL LAW, SECTION 210.24 IT IS A CRIME
PUNISHABLE AS A CLASS A MISDEMEANOR UNDER THE LAWS OF THE STATE
OF NEW YORK, FOR A PERSON, IN AND BY A WRITTEN INSTRUMENT, TO
KNOWINGLY MAKE A FALSE STATEMENT OR TO MAKE A STATEMENT WHICH
SAID PERSON DOES NOT BELIEVE TO BE TRUE.

                        Affirmed under penalty of perjury

                        this 21st day of July , 2005

                        P.O. Anthony Rosabe