**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------X

ANDREW CASPI,

                Plaintiff,

-against-

CITY OF RYE: CITY OF RYE POLICE DEPARTMENT:
CITY OF RYE POLICE OFFICER ANTHONY P. ROSACE,
Individually and in His Official Capacity; CITY OF RYE POLICE
OFFICER FRANCO CAMPAGNONE, Individually and in His
Official Capacity; CITY OF RYE POLICE OFFICER MICHAEL
ANFUSO, Individually and in His Official Capacity; CITY OF
RYE POLICE LIEUTENANT JOSEPH A. VERILLE, III,
Individually and in His Official Capacity; CITY OF RYE
POLICE COMMISSIONER WILLIAM R. CONNORS,
Individually and in His Official Capacity; and CITY OF RYE
POLICE OFFICERS "JOHN DOE" 1-10, whose true names
and identities are presently unknown.

                Defendant(s).

-------------------------------------------------------------------------------X

No. 07 CIV. 9355(NRB)

**ANSWER**

*ECF Case*

      JOSEPH A. MARIA, P.C., as attorneys for CITY OF RYE: CITY OF RYE POLICE DEPARTMENT, CITY OF RYE POLICE LIEUTENANT JOSEPH A. VERILLE, III, Individually and in His Official Capacity; CITY OF RYE POLICE COMMISSIONER WILLIAM R. CONNORS, answer the Complaint of the Plaintiff as follows:

      **FIRST:** Denies each and every allegation contained in paragraphs designated: 1, 2, 3, 17, 29, 30, 31, 32, 33, 37 (except admits On or about March 10, 2005, Plaintiff, an infant at the time, and his parents filed a Notice of Claim against Defendants ROSACE, CAMPAGNONE, THE CITY OF RYE and THE CITY OF RYE POLICE DEPARTMENT herein), 47, 48, 50, 51, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, and 73.

**SECOND:** Denies knowledge and information to form a belief as to each paragraphs designated: 6, 16, 18, 19, 20, 21, 22, 23, 24, 25, 28, 40, 43, and 46.

**THIRD:** Denies each and every allegation, but leaves all question of law to the Court, in paragraphs designated: 13, 15, 26, 27, 35, 38, 39, 42, 44, 45, and 49.

**FOURTH:** This answering defendant repeats and realleges all of the above denials and denies knowledge and information set forth in paragraphs designated: 52, and 60.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

**FIFTH:** That the defendants, acted in compliance with all applicable laws with just and probable cause.

AS AND FOR A SECOND AFFIRMATIVE
<u>DEFENSE, AND/OR IN DIMINUTION OF DAMAGES</u>

**SIXTH:** That if the plaintiff sustained any injuries or damages, said injuries or damages were caused or contributed to by the negligence, culpable conduct, assumption of risk, or fault of the plaintiff, and were not caused or contributed to by the negligence, fault or want of care on the part of the answering defendants, or were caused by persons or parties for whose acts or omissions the answering defendants are not responsible or liable.

AS AND FOR A THIRD AFFIRMATIVE
<u>DEFENSE, OR IN DIMINUTION OF DAMAGES</u>

**SEVENTH:** That if any of the acts complained of in the complaint are found to have been committed by the trier of fact, said acts were justified in that the actor or actors had reasonable grounds to believe that his or their acts were reasonably justified, pursuant to law, without malicious intent, or were a reasonable response to plaintiffs acts or were in defense

of person or property or in response to provocation or were to preserve the public peace or were with just or probable cause.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**EIGHTH:**  If it is shown that the statement or conduct alleged to have been made or undertaken by the defendants were in fact made, such statement or conduct was privileged and/or was made or undertaken by said defendants in good faith, without malice and with just and probable cause.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**NINTH:**  That the statements or conduct alleged to have been made or undertaken by the defendants concerned subjects in which said defendants had an interest and were made to persons also having an interest in the subject of the statements or conduct and to whom said defendants had a duty to speak and/or report.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**TENTH:**  If it is shown that the defendants spoke of and concerning the plaintiff, as alleged in the plaintiff's complaint, such statements were justified, were based upon reasonable investigation, or were true.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**ELEVENTH:**  Examination pursuant to 50-H of the General Municipal Law has not been conducted, therefore the Complaint must be dismissed as to all pendent claims.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

**TWELFTH:**  The actions of the Police Department were justified at all times in this matter.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**THIRTEENTH:** The defendants Lieutenant Joseph A. Verille III and Commissioner William R. Connors herein are protected by partial or complete immunity therefore, this matter must be dismissed.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**FOURTEENTH:** The Defendant City of Rye Police Department is not a Juridical Entity, therefore this matter must be dismissed in this case as a matter of law.

**WHEREFORE**, these answering defendants demand judgment dismissing the complaint herein as to these answering defendants with costs and disbursements of this action.

Dated:   White Plains, New York
         November 19, 2007

S/_____
Joseph A. Maria, Esq.  (JM0209)

JOSEPH A. MARIA, P.C.
Attorneys for Defendant(s)
CITY OF RYE: CITY OF RYE POLICE
DEPARTMENT, CITY OF RYE POLICE
LIEUTENANT JOSEPH A. VERILLE, III,
Individually and in His Official Capacity; CITY OF
RYE POLICE COMMISSIONER WILLIAM R.
CONNORS
301 Old Tarrytown Road
White Plains, New York 10603
(914) 684-0333
Our File No. 30-0976(dj)